## 1791. WELLS *v.* THE STATE.

The conviction in this case is contrary to law and the evidence.

Accusation of misdemeanor, from city court of Reidsville— Judge Morgan. February 3, 1909.

Submitted April 13,—Decided May 4, 1909.

*H. C. Beasley,* for plaintiff in error.

*H. H. Elders, solicitor,* contra.

POWELL, J. The defendant was charged with cheating and swindling, under the act of 1903 (Acts 1903, p. 90). The State's contention, supported by the testimony of the prosecutor, was that the defendant contracted with the prosecutor to work for him as an ordinary farm-laborer, at $16 per month, until he should pay and return to him $30.85, which the prosecutor had paid to another person at the defendant's request; that in addition to paying this $30.85, the defendant was to work on until he had re-paid all advances that the prosecutor might make him in the meantime. The defendant went to work and worked three months and six days, and then moved away. At the time he left he still owed the $30.85, after being credited with his wages, and also owed a balance of $16.66 for supplies advanced to him during performance of the labor.

If we should hold that the act of 1903 covered such a transaction as this, no court having jurisdiction to do so would hesitate to declare the act unconstitutional and void, because of its repugnancy to the Federal constitution and the peonage statutes enacted thereunder, as well as for its repugnancy to our own State

constitution. It has been held too often to require the citation of any authority that this statute is applicable only where the cheating and swindling has been accomplished through the fraudulent procurement of money under a definite contract of employment. It may be that under the testimony in the record the contract between the prosecutor and the defendant, as to the time of its beginning, is definite enough; but when was it to end? The defendant was to work until he repaid not only the $30.85, but also all future advances. After three months had elapsed he owed the $30.85 and $16.66 more; and at this rate the defendant, though he were a young man at the beginning, and though he might live to the ripest old age, would go down to his grave with his contract still unperformed. Under every decision rendered by this court and by the Supreme Court upon the application of this statute, the defendant is not guilty.    *Judgment reversed.*